Well good morning and welcome to the Ninth Circuit. I'm Judge Nelson and I'm joined by my colleague Judge Brass. Judge Brass and I would like to extend a warm welcome to our colleague Judge Gwinn from the Northern District of Ohio who is sitting with us by designation and we thank him for his willingness to assist us with our calendars. We would also like to welcome counsel who will be arguing virtually today the video technology. I know we were all hoping to be present in San Francisco and but I do hope that everyone is well and that you're all safe. We ask that during arguments each of the council please watch your time, keep to the allocated time frames and try to sum up your argument as time is concluding. Let us know if you would like to reserve any time for rebuttal. We are ready to proceed with our oral argument calendar. We have five cases scheduled for argument this morning. The first case set for argument today is United States of America v. Sarah Melissa Cox case number 18-10416. This case is set for 10 minutes per side. Counsel if you're ready you may proceed. Thank you, Your Honor. This is David Eisenberg. I represent the appellant in the case and I would like to reserve two minutes for rebuttal. May it please the court as the court can tell the major issue here as far as the law is concerned would pertain to count four which is alleges a violation of the child pornography. Ms. Cox was charged with this back in December of 2015 under section 2251 D1 as a person who knowingly made and I'll paraphrase this so it fits the case any notice offering to distribute any visual depiction involving a minor engaged in sexually explicit conduct. This is punishable by 15 to 30 year term. So Mr. Eisenberg, how would you define notice here in this provision? I would define notice as something that is greater than a one-to-one exchange which is what happened here and therefore because that is all that happened here there was insufficient proof with respect to the notice claim and hence we have the appeal and I would like to say that the basis for the appeal initially was not lenity, it was simply because there was as a matter of law an insufficient proof with respect to notice as applied to this case, Your Honor. Can I ask you though, I want to push back a little bit because is it really the case that all one-to-one communications are automatically neither a notice nor an advertisement? I mean if somebody hands a person on the street a leaflet that that that notifies them or advertises child pornography and it's a one-to-one interaction, would we not describe that as a notice or advertisement under this provision? No, Your Honor. Well, it is fact specific and what Your Honor just described would have to be defined a little bit more because I do believe that there is a difference between notice and advertisement. With respect to advertisement that has more of a commercial sense split. Notice, however, still encompasses something more than simply speaking or contacting by computer as in this case another person. For example, a notice can be defined in many different ways but according to the dictionary definitions and one can pick or choose, notice does not encompass simply a one-to-one communication. That is something that I would find comparing the placement of the words. Well, so what if your client here instead of sending a text message to one person had just sent it to two people? Would that be notice? I'm sorry, Your Honor. I didn't mean to interrupt. Yes, I do think it would be because notice in terms of what we have here is simply a communication one person to another. And I believe when viewed in juxtaposition to the words that I may act, let's just make, publish, or print is in the same paragraph. That seems to be something more than simply talking to another person about visually explicit materials. Publish, print, and make have some other connotation of further action. And I think the way this word is used in the context of the rest of this sentence, people don't use the word notice to include one person sending a text to another. And I'm taking this from the dissent in McAnuff. That's something that Judge Newsom had observed. And when it's viewed alongside of the term advertisement, that is in the context of the same sentence some form of public communication. I know it's not applicable here, but publication is also used. And it made me think about the First Amendment context where the law seems pretty clear that publication could just be to one individual. And I'm wondering why we wouldn't say, particularly where the word any, the modifier any is used before notice, why wouldn't we just define that to be anything, whether it's to one person or multiple people? Well, Your Honor, I think you have to draw a distinction between the two words in the same sentence. Because that's the same thing as advertisement, as Your Honor just described. So to me, notice would mean something like communicating with two other people and not simply saying, well, we're advertising something. But that, hey, this is available. You can find it on such and such a site. And it doesn't connote the same commercial sense that advertising does. My question was about publication, because it seems to me that publication can be to one individual. And so, I mean, as I follow your argument, you're sort of saying, look, these words should all be interpreted as grouped together. And because, in your point, publication or advertisement requires more than one recipient, notice needs to require more than one recipient. But I guess I'm just pushing back to say, what if we don't agree with that, as Judge Press has pointed out, as to advertisement? And as I'm suggesting, publication, if we don't agree with that argument, that those both require multiple recipients, does that undermine your argument as to notice? It does, Your Honor, if that's how one views publication. But it would appear to me that notice is not the same, because publication has the implication of a larger audience. And I think notice has been reserved here. Well, it's confusing, actually, and that's what the… Well, let me ask you this. If you received a notice from the court, and the court just sent you a notice for, you know, when we were holding an oral argument, and it was just sent to you personally, wouldn't you describe that as receiving a notice about a court appearance? Yes, it would, but the context is different than when you're looking at a statute. Well, I agree with that, and here they could have used different words in the statute. They could have said any public notice, any disseminated notice, but they said any notice. And so doesn't any generally give us the broadest use of the term possible? That is a part of the confusion, I think, that Kenneth points out, that if you're looking at what is the warning, if you will, or the note, I hate to use the term notice, but how does one whose conduct is to be guided by this interpret that word? Because certainly one court is sufficiently confused by it to have invoked the rule of lenity. So from your perspective, Your Honor, I can see why you would be able to say that from the perspective of an individual who may be confused about language and receives this. How would they know what they can and cannot do? And I think that's what the problem has become with respect to this particular word, and at least the most recent case in Canada seems to recognize it. Do you want to reserve time for rebuttal? Oh, sorry. I was just going to ask, isn't the closest synonym the word announcement? Notice? Notice and announcement, aren't those the two closest synonyms? No, I don't agree with that, because I think announcement connotes something of a public nature to a group of people. You send out an announcement of a birth, a wedding, and you give a notice, I think that tracks a different idea, but they both connote some sort of contact among more than one person. Yes, I do mean to reserve some time, Your Honor. Okay, thank you. We'll give you a minute for rebuttal. Thank you. Thank you. So, to press ahead on this, as far as the Ninth Circuit goes... Wait a second. I think we're now moving on. I'm sorry. Yeah, we'll give you a minute for rebuttal after counsel argues. Okay, thank you. Thank you. Good morning, and may it please the Court. My name is Crystal Lanham, and I represent the United States. I want to get to the heart of what the panel's questions have really been about so far, and say that the United States agrees. Notice is about content and conduct, not about the audience. Judge Bress, you asked a question about what the definition would be, what definition defense counsel would give in this case. We think that the definition that the district court gave in Peterson is the one that makes the most sense, but I also want to touch on Judge Quinn's question about announcement. The district court in Peterson said that the essential core of the statutory phrase, notice or advertisement, is signaling to an audience that child pornography is available. In the context of advertising, perhaps that audience is a little bit larger. But in the context of notice, it can absolutely be a one-to-one communication. And I can give you a quick example. Communications between the same two individuals, in some contexts, may be notice, and in other contexts, may not be notice. So, for example, if I send a text message to my husband and say, hey, can you pick up some milk from the store? And this is drawing from Judge Newsom's dissent in the Caniff case, perhaps that's not a notice. But if I send my husband a text message and say, you are late for dinner. You need to be home now. Dinner is ready. That is putting my husband on notice. Getting to Judge Quinn's question about announcement, we also agree that announcement is a close synonym to the word notice. And one of the Webster's definitions for announce is to give notice of the arrival, presence, or readiness of something. And looking in the context of this case, and the actual facts of this case, in the ER, where you can actually read through the conversation between Hennis and Cox, it's very clear from the couple of pages before she actually gives the notice, that she is having trouble getting that child pornography into the Dropbox link. It seems as though the file sizes are too big, and she's telling Hennis, I'm having trouble getting it in there. Then, when she actually gives the notice and sends the Dropbox link. So Ms. Lamb, can I ask, if she had just attached to the text message, the actual videos, as opposed to using the Dropbox device, would that text message conveying the videos have been a notice? I think that would be a much closer question, and I think that the answer would be no in that case. You have to take some additional step to signal to the audience that it is ready. So in this case, we have two possible different notices. First is the sending of the Dropbox link, which actually is in the context of the conversation saying, I am telling you that child pornography is ready in this separate location. Or you have the goodies for daddy notice. And either one of those is telling Hennis that child pornography is ready and available, just according to the same definition as the district court used in Peterson. Well, one of the points that you're, I'm sorry Judge Wynn, if you wanted to jump in. I think that was not me. Go ahead Judge Press. Go ahead. I guess it is Judge Nelson. Your friend on the other side makes the point that there's a mandatory minimum here of 15 years, as compared to the mandatory minimum of, I believe, five years for just distribution or receipt of child pornography. And so I think I'm correct about that. But the question to you is, is just the mere act of, I mean, how do you make sense of this scheme? Because the use of the Dropbox is the method of conveying the child pornography. The text message, goodies for daddy, is something that was obviously written very quickly. And then it has pretty significant penal consequences in terms of the mandatory minimum. So how do you rationalize this entire scheme? Sure. First, I want to give a little bit of a correction on the statutory scheme. I believe you're correct, Your Honor, that the receipt is five years. But the distribution, I think, is a 15-year mandatory minimum, just the same as the notice and advertising provision. And that, I think, really helps to answer your question. Because in looking at the scheme, and this was explained very well by the district court in the Peterson case again, what Congress was intending to do was really dry up the market for child pornography by comprehensively regulating all the different ways by which somebody might be able to distribute, give notice of, hand over child pornography in any kind of way. And what they were trying to do there was attach very significant penalties to each and every act that facilitated the distribution of child pornography in order to really dry up that market. And although that wasn't as clear, I think, in the initial authorization for 2551-D, it became much more clear in the 2003 PROTECT Act, as the district court in Peterson discussed, when they moved 2551 from the C provision into the D provision. I had a question. It's interesting. Judge Newsom makes some of these analogies about how make a notice is not a normal term that we use in normal language, it seems. And when I read make a notice, and I try to make a plain language sense out of it, to a certain degree, it doesn't even require dissemination at all, not to one person. And so my question, I know it's not raised in this case, but I'd like to know what the government's position is on the statute. If Ms. Cox had prepared the email, just as it was, but had not sent it, would she have, quote, made a notice such that she could have been charged under the statute? Your Honor, the answer to that comes back to notice. I read make very broadly. Just the word any is very broad. The creation of a notice. And so I understand where if Cox, technically she would have written out a notice, if she had written up the email, but not pushed send on it. She would have technically made a notice. But because it is conduct and content, rather than the audience, I believe that she has to signal to somebody that the child pornography is available. So we might say that she attempted to make a notice in that kind of context, where she had written up an email, but perhaps it failed to send, it failed to go through. We would be looking at an attempt provision more for that, rather than the actual making of a notice. So make and any are both very broad terms. And notice, although a very broad term itself, also perhaps is a little bit limiting on the way that those two terms work. Do you think that the 11th Circuit case has a different fact situation, where the defendant is seeking rather than providing? Here we have providing and can if it's seeking. Do you think that the issues of what make notice means are a little bit more complicated when the defendant is the one requesting? Because it seems to me it probably is. Absolutely, Your Honor. And the 11th Circuit made very clear, both in the original Caniff dissent and then in the revised new Caniff opinion, that there was an uncomfortable fit between the make and notice provision and the request for child pornography, that caused them, in that context, to invoke the rule of lenity in a way that we just don't have that same uncomfortable fit here. The jury was instructed, consistent with the Brown case, and on the defendant's request, initially over the government's objection, that it was a factual determination for the jury as to whether Cox made a notice. In the 11th Circuit case, the jury had some questions about that. They asked, what was the definition of notice? In this case, there were absolutely no questions from the jury on that notice provision and they were instructed that it was a factual determination for them to make. So under this court's Brown case, it's very clear that it was their factual determination, they made it. Rational sufficiency of the evidence review applies and absolutely, using the common dictionary definitions, a rational juror could find, in this case, that Cox easily made a notice. That's an interesting question, though, because aren't we trying to look at this as a legal question, such that an instruction should have been given? If we adopt the view that notice can be one-to-one, shouldn't the district court have given a legal... It doesn't seem like it's a factual question. It's what the statute means. So I don't know if that presents an error here, but it's an interesting way the district courts would go about this. Well, Your Honor, I think that you are echoing the dissent in the Brown case because this was exactly what Judge Bybee said. When the majority in Brown said that this is a factual question for the jury, Judge Bybee gave almost a parade of horribles in saying, in Grovo, which was the initial case interpreting this, we looked at this as a matter of statutory interpretation. By, in Brown, the majority giving this to the jury, it becomes a question where this court almost can't even purview the statutory interpretation. I see that I'm out of time, so if there are no further questions, we ask that you affirm all of the convictions in this case. Thank you. Let's put one minute on for rebuttal. Yes, Your Honor, thank you. If one looks at the Peterson case, one of the observations that the court made there was a reference to, it looks like, judicial, I'm sorry, the history of the legislation. And in it, the court's, the essential core of the statutory notice or advertisement is signaling to an audience. And to an audience, therefore, would be, it seems like, more than one person. Because I view an audience as something, a group. And most of these cases have applied the group concept. The other thing I would like to point out is that, if one reads Kenneth's present case, in which they revise their outcome, they go through the reasons why notice, including any notice, is confusing. And why the average person on the street for whom this is aimed, would not know what is, is not. Therefore, it should not be visited with the unfortunate charge of notice if there is a one-to-one conversation. Moreover, I don't believe that there is any difference between whoever sends out that one-to-one communication or whoever receives it because the statute covers both. Thank you, Your Honor. Thank you, Counsel. United States v. Cox is submitted.
judges: R. Nelson, Bress, Gwin